OPINION OF THE COURT
NYGAARD, Circuit Judge.
Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will affirm the judgment of conviction and sentence of the District Court.
Ephraim Barr was convicted by the District Court for his role in a conspiracy to traffic in counterfeit credit cards and to make and possess counterfeit checks. Barr also received a sentence enhancement for being a leader or organizer in the conspiracy. Barr presents four issues challenging evidentiary rulings made by the District Court. He also challenges the sentence enhancement.
First, Barr argues that the District Court incorrectly denied his motion to suppress statements he made during interviews with law enforcement on two occasions after waiving Miranda rights. “This Court reviews the District Court’s denial of a motion to suppress for clear error as to the underlying factual findings and exercises plenary review of the District Court’s application of the law to those facts.” United States v. Perez, 280 F.3d 318, 336 (3d Cir.2002).
With regard to the first interview, Barr alleges that “his invocation of his Fifth Amendment right to remain silent required the police officer to end the interrogation.” Barr was advised of his Miranda rights by law enforcement in both a verbal and written form, and he memorialized his waiver of these rights in writing. He invoked his Fifth Amendment right to silence in response to three of twenty-one questions, but responded to all of the other questions in the one-hour interview. There is no evidence to suggest that Barr made a clear, unequivocal reassertion of his right to silence. The District Court did not clearly err in concluding that Barr “understood all of his rights, did not want to remain silent, did not want to talk with a lawyer before the interview or have a lawyer present for the interview, and was willing to answer questions voluntarily and without coercion.”
With regard to the second interview, Barr claims that testimony offered by an Agent was inadmissible because there is no evidence that Barr made a knowing and voluntary waiver of his Miranda rights. The agent apprised Barr of his Miranda rights, reading from a standard form. After the Miranda rights were read to him, Barr signed on the second page of the form to indicate that he had been advised of and understood his rights. Moreover, after the interview, Barr wrote two letters reiterating his desire to cooperate with authorities. We cannot find any evidence on this record that Barr’s waiver was either involuntary or shrouded in an ignorance of his right. We do not find any error in the District Court’s assessment that testimony of the Agent regarding that interview was admissible.
Barr’s third argument on appeal focuses upon the admissibility of both in-court and out-of-court identifications of Barr made by a witness. Barr challenges the reliability of this identification based on the fact that the photo array was unduly suggestive. We agree with the District Court’s conclusion that, given the amount of time that the witness had to observe Barr during the commission of the crime, *706 and the temporal proximity of that experience to her first look at photos, sufficient indicia of a reliable identification were present to satisfy any Due Process concerns about the admissibility of this evidence.
Fourth, Barr asserts that probable cause did not exist to support a search warrant for his residence. The District Court concluded that the search warrant was properly based upon the police officers’ lawful plain view observations into the house and around the trailer parked on his property. We agree.
Finally, with regard to Barr’s objections to his organizer/leader sentence enhancement we note that he does not challenge the District Court’s finding that there were six culpable participants involved. Barr was found to be in the business that used the sort of merchandise obtained in this fraud, and these items were found at his residence. Additionally, he was found to exercise control over the means of conducting the fraud. We conclude that the District Court did not err in applying the enhancement to Barr’s sentence.
For these reasons, we will affirm the District Court’s judgment of conviction and sentence.