**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2049
_____

IN RE:  EPHRAIM BARR, Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2-05-cr-00347-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 16, 2013
Before:  RENDELL, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 03, 2013)
_____

OPINION
_____

PER CURIAM

Ephraim Barr filed this petition for a writ of mandamus seeking an order

compelling the District Court to rule on claims that he raised in a pro se motion to vacate

his sentence.  For the reasons that follow, we will deny the petition.

Barr was convicted by a jury in the District Court of conspiracy, identity theft, and

uttering counterfeit securities and was sentenced to eighty-seven months of

1

imprisonment.[1]  This Court affirmed his conviction and sentence on direct appeal. United States v. Barr, 349 F. App'x 704, 706 (3d Cir. 2009).  Barr then filed a pro se motion under 28 U.S.C. § 2255 in November 2009, raising several claims of ineffective assistance of counsel.  Barr moved to amend his motion several months later by adding a claim based on Flores-Figueroa v. United States, 556 U.S. 646 (2009), and he requested counsel.  Counsel was appointed, who filed an amended § 2255 motion in November 2010, raising only the Flores-Figueroa claim.

Shortly  thereafter, Barr asked the court to remove counsel and allow him to proceed pro se because he disagreed with counsel's decision to proceed with only the Flores-Figueroa claim.  The District Court dismissed the motion in February 2011 and ordered counsel to contact Barr and resolve the issues regarding the § 2255 motion. Almost two years later, in December 2012, Barr again asked the court to remove counsel and appoint new counsel, citing other disagreements.  The motion was denied after a hearing.  Shortly thereafter, Barr retained private counsel.  Private counsel was given an opportunity to file a supplemental brief regarding the § 2255 motion, but did not do so. The District Court denied the counseled § 2255 motion – which raised only the Flores-Figueroa claim – in February 2013.  Barr then filed the present mandamus petition seeking to compel the District Court to rule on the claims he originally presented in his pro se § 2255 motion.

---

[1] Although Barr completed his prison term and was serving a term of supervised relief, he was recently remanded to custody for violating the conditions of release.

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he has a "clear and indisputable" right to the issuance of the writ and that he has "no other adequate means to obtain the desired relief." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Barr has failed to show that he has no other adequate means to challenge the District Court's consideration of the counseled § 2255 motion, rather than his pro se motion. In fact, he has already availed himself of the proper means for seeking relief: his pending appeal from the District Court's order denying the § 2255 motion, docketed at C.A. No. 13-1769. Any claims of error regarding the District Court's disposition of the § 2255 motion may be set forth in an application for a certificate of appealability, should Barr choose to file one, in the pending appeal. He may not, however, use a mandamus petition as a substitute for the appeals process. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).

We will therefore deny the petition. The motions requesting this Court to serve the petition and supplemental filings on the District Court and "parties involved" are denied as unnecessary.